Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 253-C
Brooklyn, New York 11201
718.797.2341 Telephone
855.553.7004 Facsimile
FM@martinezgroup.com
Attorney Docket: 1256-9

SUMMONS ISSUED

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 31 2011 ★
BROOKLYN OFFICE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- X

**BILL DAWSON d/b/a XK9 DESIGN,**

Plaintiff,

-against-

**MILLENNIUM FILMS, INC.,
NU IMAGE (CALIFORNIA) INC.,
TECHNICOLOR CREATIVE SERVICES USA, INC.,**

Defendants.

-------------------------------------------------------------------- X

**CV11 - 5298**

**COMPLAINT**

(Jury Trial Demanded)

IRIZARRY, J.

AZRACK, M.J.

Plaintiff, BILL DAWSON d/b/a XK9 DESIGN, by and through his attorneys, The

Martinez Group PLLC, for its Complaint against Defendants, MILLENNIUM FILMS, INC.

("Millennium"), NU IMAGE (CALIFORNIA) INC. ("Nu Image"), and TECHNICOLOR

CREATIVE SERVICES USA, INC. ("Technicolor"), (collectively, "Defendants"), alleges as

follows:

**NATURE AND SUBSTANCE OF THE ACTION**

1.     Plaintiff files this action against Defendants for Copyright Infringement under 17 U.S.C.

§101, et seq., and Breach of Contract under applicable State Law.

{00018625 v.1}

2.      This action is brought in response to a classic case of Copyright infringement and Unfair Competition, specifically the unauthorized for-profit use and distribution of Plaintiff's copyrighted artwork.

3.      In particular, Defendants have improperly copied all or part of Plaintiff's copyrighted Collection of MILLENNIUM LOGO ART STUDIES (the "Work"), created derivative works based thereon, and have further used and distributed Plaintiff's logo design Work as the Millennium Films, Inc. logo in connection with Defendants' many major motion films and associated marketing materials.

4.      Defendants have further used copies and derivative versions of Plaintiff's logo design Work over the Internet on their various websites including, among others, the Millennium Films, Inc. website located at www.millenniumfilms.com.

5.      Title 17 of the United States Code (Copyright Act) and provisions under State law were each enacted to provide remedies to copyright owners who suffer damages by reason of such actions.


**JURISDICTION AND VENUE**

6.      This is an action for Copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §101 et seq., and for related claims under applicable State laws, which seeks the disgorgement of revenues, profits, together with damages, costs and fees by reason of Defendants' past and ongoing infringements of Plaintiff's Work identified herein and of Plaintiff's valid and subsisting copyright associated with Plaintiff's Work.


{00018625 v.1}

7.     This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and

       1338(b), its supplemental jurisdiction, and under Rule 4 of the Federal Rules of Civil

       Procedure.

8.     Venue is proper in this district under 28 U.S.C. §1391 and §1400 in that Defendants or

       Defendants' agents may be found in this District and Defendants transact business in this

       District.

## PARTIES

9.     Plaintiff Bill Dawson, d/b/a XK9 Design ("XK9" or "Plaintiff"), is a graphics designer

       having an office located at 7824 Kentwood Avenue, Los Angeles, California 90045.

10.    Defendant Millennium Films, Inc. ("Millennium") is a Delaware Corporation with its

       principal place of business at 6423 Wilshire Boulevard, Los Angeles, California 90048.

11.    Millennium is an American film production and distribution company and conducts

       business throughout the United States and worldwide.

12.    Defendant Nu Image (California) Inc. ("Nu Image") is a California Corporation with its

       principal place of business at 6423 Wilshire Boulevard, Los Angeles, California 90048.

13.    Nu Image is an American film and television production company and conducts business

       throughout the United States and worldwide.

14.    Upon information and belief, Nu Image is the parent company of Millennium Films, Inc.

15.    Defendant Technicolor Creative Services USA, Inc. ("Technicolor") is a Delaware

       Corporation with its principal place of business at 6040 Sunset Boulevard, Hollywood

       California 90028.

{00018625 v.1}

3

16.   Technicolor is a company that provides technical, creative, film production and distribution services to the television and film entertainment industry throughout the United States and worldwide.

17.   Upon information and belief, Defendant Technicolor Creative Services USA, Inc. is wholly owned by Technicolor SA, a publically traded corporation, formed under the laws of France and having an registered office at 1-5 rue Jeanne d'Arc, 92130 Issy-Les-Moulineaux, France.

18.   Technicolor SA is not a party to this action.

19.   Upon information and belief, Nu Image hired Technicolor to secure design services for the purposes of providing a new logo design for Millennium Films, Inc.

20.   Upon information and belief, Defendants conduct business throughout the United States, around the world and within the State of New York and the County of Kings.

## FACTS COMMON TO ALL CLAIMS

21.   XK9 is in the business of creative design problem-solving including, among others, the design and presentation of logo images such as the Millennium logo design.

22.   XK9 is the exclusive owner of U.S. Copyright with Registration Number VA 1-789-934 for a Collection of MILLENNIUM LOGO ART STUDIES, a copy of which is annexed hereto as Exhibit A.

23.   XK9's Collection of MILLENNIUM LOGO ART STUDIES is valid and subsisting.

24.   XK9 created each of the individual Millennium Logo Designs which, together, comprise the copyrighted Collection of MILLENNIUM LOGO ART STUDIES (the "Work"),

including the Hexagonal Millennium Logo Design at issue in this matter, a copy of which is annexed hereto as Exhibit B.

25. XK9 is and has been at all times alleged herein, the sole owner of all rights, titles, and interests in and to the Collection of MILLENNIUM LOGO ART STUDIES together with the individual artworks and designs embodied therein including, but not limited to, the Work.

26. On or about October, 2010, Defendant Technicolor's agent, Eric Ladd, negotiated a verbal contract with Mr. Dawson whereby Mr. Dawson would develop and present possible logo designs for Millennium Films, Inc. in exchange for a nominal fee (the "Agreement").

27. Under the terms of the Agreement, should Defendants choose one of XK9's logo designs, they would negotiate further compensation for XK9 to perfect the chosen design and for the assignation of rights to use the finished product as the Millennium Films, Inc. logo.

28. Pursuant to the terms of the Agreement, Plaintiff designed the Collection of MILLENNIUM LOGO ART STUDIES, presented them to Defendants, a copy of the Millennium logo presentation is annexed hereto as Exhibit C.

29. Plaintiff invoiced and was paid the nominal fee provided under the Agreement, a copy of which is annexed hereto as Exhibit D.

30. At no times during the discussions between the parties or at the time of the delivery of the Millennium Logo Studies and the subsequent invoicing and payment thereof was it discussed or understood that work for hire terms would apply.

31.   At no time during the written correspondence between the parties were work for hire terms noted and no work for hire terms are noted on Dawson's written invoice for the studies (See, Exhibit D).

32.   Defendants, despite several requests from Plaintiff, made no indication subsequent to XK9's presentation that they were interested in pursuing or purchasing any of the proposed Millennium Logo solutions.

33.   Defendants subsequently chose and have used one of the designs created and proposed by Plaintiff.

34.   Defendants have refused to provide any further compensation to XK9 to perfect the design of any of the proposed Millennium Logo solutions.

35.   Defendants have not negotiated or entered into any agreement with XK9 for the right to use the Work for any purpose.

36.   Plaintiff's records show that Defendants have purchased no license of any kind to use the Work and are not otherwise authorized to use the Work.

## DEFENDANTS' ACTIONS

37.   Defendants have, without any authorization permitting them to do so, copied all or part of Plaintiff's Work, created derivative works based thereon, and have further used and distributed the Work as the Millennium Films, Inc. logo in connection with Defendants' many major motion films and the marketing thereof.

38.   Defendants have displayed infringing copies and/or derivative versions of Plaintiff's Collection of MILLENNIUM ART STUDIES on a number of major motion films including, but not limited to, "Conan the Barbarian" (2011), "Elephant White" (2011),

"Trespass" (2011) and "Puncture" (2011), showings of which are annexed hereto as Exhibit E.

39.    Defendants have further used infringing copies and/or derivative versions of Plaintiff's Collection of MILLENNIUM ART STUDIES over the Internet in the creation and design of various websites including, but not limited to, www.millenniumfilms.com, showings of which are annexed hereto as Exhibit F.

40.    Defendants' use of the Work in the manner complained of herein constitutes an infringement of XK9's valid Copyright in and to the Work.

41.    The natural, probable and foreseeable result of Defendants' wrongful conduct has and continues to be to deprive XK9 of the benefits and revenues from the sale of an appropriate license to use the Work as Defendants have.

42.    XK9 has and will continue to lose substantial revenue from Defendants' unauthorized, infringing and wrongful uses, copying, the creation of derivative works and distribution of XK9's copyrighted Work.

43.    Defendants' have refused to cease and desist from infringing upon XK9's valuable Copyright and to honor the rest of their Agreement by negotiating a license for the use of XK9's Work despite several demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501

44.    Plaintiff repeats and re-alleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 43 inclusive, and incorporates them herein by this reference.

45.    Defendants have improperly copied, created derivative works based thereon, and have further used and distributed Plaintiff's logo design Work as the Millennium Films, Inc.

{00018625 v.1}

logo in connection with Defendants' many major motion films and the marketing thereof including, but not limited to "Conan the Barbarian" (2011), "Elephant White" (2011), "Trespass" (2011) and "Puncture" (2011) (See <u>Exhibit D</u>).

46.    Defendants have further used copies and derivative versions of Plaintiff's logo design Work over the Internet on their various websites including, among others, the Millennium Films website located at www.millenniumfilms.com (See <u>Exhibit E</u>).

47.    Defendants have distributed the major motion films, advertisements and marketing materials bearing infringing copies and/or derivatives of Plaintiff's Work worldwide and throughout the United States.

48.    By reason thereof, Defendants have infringed and will continue to infringe Plaintiff's valuable Copyright in and to the Copyright Collection of MILLENNIUM ART STUDIES.

49.    Plaintiff is entitled to recover damages it has and will continue to sustain, together with any gains, profits and advantages obtained by Defendants as a result of the acts of infringement alleged herein.

50.    At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff but is not less than two hundred thousand dollars ($200,000).

51.    Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### 17 U.S.C. §101

52.    Plaintiff repeats and re-alleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 51, inclusive, and incorporates them herein by this reference.

{00018625 v.1}

53.    By reason of the acts complained of herein, Defendants have each engaged and will continue to knowingly engage in activities that systematically induce and materially cause others to contribute to the past and ongoing infringement of Plaintiff's Copyright in the Collection of MILLENNIUM ART STUDIES.

54.    Defendants' actions complained of herein constitute contributory copyright infringement of Plaintiff's valid copyright.

55.    Defendants have derived substantial financial benefit from the infringements of Plaintiff's copyrighted Collection of MILLENNIUM ART STUDIES.

56.    Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged herein.

57.    At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but is not less than two hundred thousand dollars ($200,000).

58.    Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

59.    Plaintiff repeats and re-alleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 58, inclusive, and incorporates them herein by this reference.

60.    Defendants orally contracted with Plaintiff to deliver a collection of logo studies for Millennium films (See, Exhibit C).

61.    Defendants orally agreed to provide additional compensation to Plaintiff upon the acceptance and use of a logo chosen from the studies.

{00018625 v.1}

9

62. Defendants, upon accepting and using the Millennium design that is the subject of this complaint, refused to provide additional compensation to Plaintiff (See, Exhibit B).

63. By reason thereof, Defendants' actions constitute a breach of contract between Defendants and Plaintiff.

64. Plaintiff is entitled to recover damages it has and will continue to sustain together with any gains, profits and advantages obtained by Defendants as a result of the acts complained of herein.

65. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff but is not less than two hundred thousand dollars ($200,000).

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Preliminarily and permanently enjoin and restrain Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

    (a) Imitating, copying, distributing, or making unauthorized use of XK9's Registered Copyrights including the infringing uses of the Collection of MILLENNIUM ART STUDIES in whole or in part;

    (b) Manufacturing, creating, producing, advertising, promoting, or displaying any product created by way of the unauthorized use of XK9's Copyrighted Works;

2. Direct that Defendants deliver for destruction at Defendants' expense, *inter alia*, all copies of the data associated with the Millennium Films website and Millennium Films products, advertising and marketing materials identified herein, together with any and all computer files, hard drives, computer programs, computer data, solid state drives, disks,

{00018625 v.1}

publications, CD-Rom's, DVD's, bearing unauthorized and infringing copies or derivatives of the Collection of MILLENNIUM ART STUDIES, together with any and all other recorded media and all other merchandise in Defendants' possession or under their control that were created or that bear the result of the unauthorized use of Xk9's Copyrighted Works;

3.  Direct the imposition of a constructive trust for all monies received by Defendants from the sale of any goods that are or were made by using an infringing copy of Plaintiff's Copyrighted Work and/or an unauthorized derivative version thereof;

4.  Direct that Defendants be required to pay Plaintiff actual damages in the amount of $200,000 Dollars per infringing use of Plaintiff's copyrighted work for all gains, profits, and advantages derived by Defendant though their infringement of XK9's Copyrights;

5.  Direct that Defendants be required to pay to XK9 such other damages that it has sustained as a consequence of Defendants' unauthorized use, copying, and distribution of XK9's Copyrighted Works;

6.  Direct that Defendants be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7.  Award XK9 the costs of this action together with reasonable attorneys' fees; and

8.  Award XK9 such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Bill Dawson d/b/a XK9 Design, hereby demands a trial by jury.

Dated: October 31, 2011

Respectfully submitted,
THE MARTINEZ GROUP PLLC

By: _____
Frank J. Martinez (FJM-2149)
Attorneys for Plaintiff
*Bill Dawson d/b/a XK9 Design*

THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 253-C
Brooklyn, New York 11201
718.797.2341 Telephone
855.553.7004 Facsimile
FM@martinezgroup.com

{00018625 v.1}

12

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

## VA 1-789-934

**Effective date of
registration:**

October 6, 2011

---

## Title

**Title of Work:** Collection of MILLENNIUM LOGO ART Studies

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** November 1, 2010      **Nation of 1st Publication:** United States

## Author

■      **Author:** Bill Dawson

**Author Created:** 2-D artwork

**Work made for hire:** No

**Citizen of:** United States      **Domiciled in:** United States

**Year Born:** 1962

## Copyright claimant

**Copyright Claimant:** Bill Dawson

7824 Kentwood Ave, Los Angeles, CA, 90045, United States

## Rights and Permissions

**Name:** Bill Dawson

## Certification

**Name:** Frank J. Martinez, Esq.

**Date:** October 6, 2011

**Applicant's Tracking Number:** 1256-10

---

**Correspondence:** Yes

Page 1 of 1



Exhibit C

MILLENNIUM FILMS LOGO DEVELOPMENT
11.01.10



FILMS



**Exhibit D**

 design™

7824 Kentwood Avenue
Los Angeles, CA 90045
310.642.1100 o
310.642.1100 c



# invoice

**BILL TO**

Technicolor
6040 Sunset Blvd
Hollywood, CA 90028
Attn: Eric Ladd

**DATE**  10.24.10

**INVOICE #**  20331

**JOB#**  TCH21002

**PROJECT**  Millennium Films Logo

| ITEM | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Design | Logo development for Millennium Films. | $ 2000.00 |

**Please make check payable to *XK9 Design***

This amount is the total due.
This invoice is now due and payable.
XK9 Design Tax ID # 117600191

**TOTAL DUE**

$ 2000.00















